```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SAMUEL E. SCHUDMAK, III, ET             CIVIL ACTION
AL


VERSUS                                  NO: 06-893


PATRICK D. BOSSETTA,                    SECTION: "J"(1)
INDIVIDUALLY AND AS
PRESIDENT OF THE BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, ET
AL
```

### ORDER AND REASONS

Before the Court is the 12(b)(1) and 12(b)(6) Motion to Dismiss filed by Defendants. (Rec. Doc. 7). Plaintiffs oppose the motion. The motion, set for hearing on April 26, 2006, is before the Court on briefs without oral argument.

**BACKGROUND FACTS**

These same Plaintiffs sued these same Defendants in an earlier suit before this Court (No. 05-5194). The earlier suit was dismissed based on lack of jurisdiction and failure to state a claim. (No. 05-5194, Rec. Doc. 9). Now, Plaintiffs have filed the instant suit asserting more factual allegations and alleging that Defendants' actions amounted to a private-use taking.

Plaintiffs' allegations, which are taken as true for the purposes of this motion to dismiss, may be summarized as follows. Plaintiff, Kenner Acquisitions, LLC, is the owner of immovable property located in the City of Kenner, upon which is situated an

access road used by the East Jefferson Levee Board ("Levee Board") to access adjacent Levee Board property.  Complaint, ¶¶ 9, 11.  Plaintiff Samuel E. Schudmak, III ("Schudmak") was the manager of Kenner Acquisitions, LLC at all relevant times.  Id. at ¶ 10.

In connection with runway work being performed at Louis Armstrong Airport, heavy equipment vehicles owned by Boh Brothers transported debris and concrete via the access road -without Plaintiffs' permission.  Id. at ¶ 20.  Plaintiffs assert that Defendants "aided, directed, urged and encouraged - through actions and inactions - these vehicles to use Plaintiffs' access road.  Id.  Plaintiffs contend that the flow of these vehicles inhibited Plaintiffs' use of the road and presented a risk to residents of an adjacent trailer park owned by Plaintiffs.  Id. Plaintiffs further claim that Defendants directed Boh Brothers to deposit a huge pile of riprap on Plaintiffs' property.  Id. at ¶ 21. Plaintiffs assert that this riprap pile covers approximately two acres, is 25 feet in height, and deprives Plaintiffs of  "any meaningful or economically viable use for that portion of their property."  Id.  Plaintiffs contend that Defendants are the owners of the pile and have disturbed Plaintiffs' rights to the use and enjoyment of their property "by refusing to prohibit the unauthorized vehicle travel and riprap dumping, and specifically by interfering with Plaintiffs' ability to prevent said travel and dumping through active threats and intimidation."  Id. at  ¶

¶ 22-23. Plaintiffs assert that this conduct constitutes a private-use taking on the part of Defendants. Id. at ¶ 24.

Plaintiffs claim that Defendants' taking of Plaintiffs' property "served only to save Boh Brothers construction company time and money in transporting and storing the riprap." Id. at ¶ 25. Additionally, Plaintiffs contend that "the trucks and the Levee District" could have used another route and could have stored the riprap on a publicly-owned site. Id. It is Plaintiffs' contention that because "the taking was designed solely to benefit one construction company, defendants exhibited no rational public purpose," which constitutes it as a private-use taking, which is unconstitutional. Id.

Because Plaintiffs' request that Defendants stop the use of the access road by heavy equipment vehicles and stop the dumping of the riprap was not honored, Plaintiffs claim that it prevented them from "exercising dominion over the use and access of their privately owned road preventing [them] from protecting their property and business interests." Id. at ¶ 26. Further, Plaintiffs claim that they continue to suffer from "extreme hardship and actual and impending loss and/or damage in that [they] are unable to place disaster-relief trailers for hurricane victims on the affected parcel, depriving [them] of rental profits" and prohibiting them from pursuing "other hurricane-related business opportunities on the affected parcel, costing [them] additional lost profits." Id. at ¶ 28.

Plaintiffs also assert that Defendants desired to either lease or sell the property in question, including the access road, for a low price, and Plaintiffs refused.  Id. at ¶¶ 31 - 34. Plaintiffs claim that in retaliation for their refusal to lease or buy the land and access road, Defendants failed to police the access road, failed to prohibit the dumping of riprap on their property, and threatened and intimidated tenants of the trailer park owned by Plaintiffs, which was adjacent to the access road.  Id. at  ¶¶ 12, 35 - 42.

Plaintiffs' Complaint alleges only four counts - as opposed to the seven counts alleged in their initial lawsuit.  Count One alleges a private use taking in violation of 42 U.S.C. § 1983. Id. at ¶  19-28.  Count Two alleges a claim for selective enforcement/deprivation of property rights guaranteed by the Fourteenth Amendment and specifically asserts that Defendants made a concerted effort to force Plaintiffs to sell the property to them at a discounted amount and when Plaintiffs repeatedly refused, Defendants retaliated against them by (1) not prohibiting Boh Brothers from traveling on their access road and dumping riprap on their property and by (2) threatening Plaintiffs when they tried to stop Boh Brothers from doing so. Id. at ¶¶ 29 - 43.   Count Three alleges a state law claim of trespass.  Id. at ¶¶ 44 - 47.  Count Four seeks punitive damages for the alleged § 1983 violation.  Id. at ¶¶ 48 - 49.

**THE PARTIES' ARGUMENTS**

Defendants assert that this matter should be dismissed based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  In regards to the latter argument, Defendants assert that Plaintiffs' claim for a private-use taking is not ripe.  In support of this argument, Defendants assert that the current case "bears the same fatal defects" as did Plaintiffs' first initial lawsuit.  Specifically, Defendants claim that Plaintiffs have not showed that "they exhausted state remedies by pursuing, and being denied, just compensation"  as this Court reasoned they should have done in the first matter.

Next, Defendants assert that Plaintiffs' allegations preclude their assertion that this was a private-use taking - particularly because they assert that the taking of their property saved Boh Brothers time and money and was "designed solely to benefit one construction company;" however, they also assert that "Defendants are the rightful owners of said riprap pile."  Defendants cite a Seventh Circuit case, wherein it was held that a private-use taking claim is subject to the requirement of exhausting state remedies.  See Hughes v. Marinette County, 135 Fed. Appx. 875, 2005 WL 1389599 (7th Cir. 2005).

Defendants also assert that Plaintiffs equal protection claims are deficient because Plaintiffs have not established that

they are members of a protected class, as required.  Further, Defendants assert that there is not a basis for punitive damages because (1) subject matter jurisdiction does not exist and (2) there is no recognized constitutional harm.  Defendants also argue that Plaintiff may not recover punitive damages against the municipalities and Defendants in their official capacities.  Last, Defendants argue that this Court should decline to exercise subject matter jurisdiction over the remaining state law claims - given "the absence of any colorable federal claim."

Plaintiffs, on the other hand, assert that now they are specifically alleging a private taking, which does not require that compensation be sought and denied.  In support of this argument, Plaintiff quote the following passage from <u>Samaad v. City of Dallas</u>, 940 F.2d 925 (5th Cir. 1991):

> The Fifth Amendment prohibits both uncompensated takings and takings for a private purpose. In other words, a taking for a private purpose is unconstitutional even if the government provides just compensation. See Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 241, 104 S.Ct. 2321, 2329, 81 L.Ed.2d 186 (1984) (citing cases prohibiting private takings "even though compensation be paid").  Accordingly, plaintiffs' failure to seek compensation for the alleged taking of their property for a private purpose does not render that claim unripe.

<u>Id.</u> at 936-37.

Instead, Plaintiffs assert that a private-use takings claim requires only that they be deprived of their property rights by the Government who deprives them of their rights for a private

purpose.  Plaintiffs take issue with the fact that Defendants cite a Seventh Circuit case (Hughes), stating that the exhaustion requirement exists for private-use takings, instead of the prevailing precedent in the Fifth Circuit.  Plaintiffs concede that the Seventh Circuit requires a plaintiff to exhaust all state remedies before asserting a federal takings claim, but Plaintiffs state that even the Seventh Circuit recognizes that the Fifth Circuit has no such requirement.  See Daniels v. Area Plan Com'n of Allen County, 306 F.3d 445 (7th Cir. 2002), citing Samaad.

Contrary to Defendants' arguments, Plaintiffs assert that Defendants' actions constitute a taking even though *they* did not dump the riprap pile on Plaintiffs' property.  Specifically, Plaintiffs claim that because Defendants' omissions and commissions enabled Boh Brothers to do so, a taking occurred.  Plaintiffs support this argument by quoting a Court of Claims case from 1966:

> . . . to constitute a taking under the Fifth Amendment it is not necessary that property be absolutely 'taken' in the narrow sense of that word to come within the protection of this constitutional provision; it is sufficient if the action by the government involves a direct interference with or disturbance of property rights.

R.J. Wilden Co. v. United States, 357 F.2d 988, 993 (Ct. Cl. 1966).  Plaintiffs claim that the Government disturbed their right to enjoy and use their land and prohibited them from

pursuing various hurricane relief-related property uses. Plaintiffs assert that Defendants' "had no rational relationship to any public purpose." Plaintiffs deny that Defendants can show a conceivable public purpose for their actions. Plaintiffs cite a Sixth Circuit case, Montgomery v. Carter County, Tennessee, 226 F.3d 758 (6th Cir. 2000), for the proposition that a government entity's action did not serve a public purpose because it only benefitted one person. Similarly, Plaintiffs argue that Defendants' actions only benefitted Boh Brothers (a single company) and, therefore, did not serve a public interest. Further, Plaintiffs claim that storing the riprap pile on their property did not benefit the public because Defendants owned other places they could have stored the pile. Even if Defendants plan to use the riprap for a public purpose, Plaintiffs argue that storing it on their land serves no public purpose whatsoever.

Plaintiffs further assert that they were denied equal protection and specifically allege a claim of selective enforcement because Defendants "refused to afford plaintiffs the same protections that the police undoubtedly afford others similarly situated." Essentially, Plaintiffs claim Defendants afforded them less protection under the law than was afforded to others under similar circumstances. Plaintiffs cite Bryan v. City of Madison, Miss., 213 F.3d 267, 277 (5th Cir. 2000) for the proposition that "to successfully bring a selective prosecution

or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, *or the desire to prevent the exercise of a constitutional right*." Plaintiffs further argue that, contrary to Defendants' assertions, an equal protection claim can stand – even though Plaintiffs are not members of a protected class – where animus motivated an official to treat them different from others who were similarly situated. Bryan states that the government officials' actions can be motivated by "the desire to prevent the exercise of a constitutional right." 213 F.3d at 277.

Plaintiffs claim that they can succeed on their state law claim of trespass. Plaintiffs also concede that they are only seeking punitive damages against Defendants in their individual capacities. Plaintiffs assert that they have stated viable federal claims and, therefore, the Court should exercise supplemental jurisdiction over its state law claim.

**DISCUSSION**

The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001), citing McDaniel v. United States, 899 F.Supp. 305, 307 (E.D.Tex.1995)). The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6); that is, a court may not dismiss a claim unless it appears certain

that the "plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." United States v. City of New Orleans, 2003 WL 22208578, at * 1, No. Civ. A. 02-3618 (E.D.La. Sept. 19, 2003), quoting Benton v. United States, 960 F.2d 19, 21 (5th Cir.1991)).

Next, if this Court decides that it has federal subject matter jurisdiction over Plaintiff's claims, it must address Defendants' contention that Plaintiff has failed to state claims upon which relief can be granted, as set forth in Rule 12 (b)(6) of the Federal Rules of Civil Procedure.  In determining whether a 12(b)(6) motion to dismiss should be granted, the Court must accept Plaintiffs' allegations as true. Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).  However, "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir.1995), citing 2A MOORE'S FEDERAL PRACTICE ¶ 12.07.

Although the court has wide discretion in handling motions to dismiss, such motions are usually granted sparingly and with caution to ensure that a plaintiff's right to have a claim adjudicated on the merits is not violated. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (2d ed.1990).

The initial suit filed by Plaintiffs against these

Defendants was dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, based largely in part on this Court's finding that Plaintiffs' takings claim was not ripe because Plaintiff had not exhausted state law remedies by pursuing, and being denied, just compensation, as explained in the Takings Clause of the Fifth Amendment (which applies to the states through the Fourteenth Amendment) and elaborated on in Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 n.13, 105 S. Ct. 3108, 3120 n. 13 (1985) and Samaad v. City of Dallas, 940 F.2d 925, 933 (5th Cir. 1991). (No. 05-5194, Rec. Doc. 9).

Contrary to their assertions in the initial lawsuit, Plaintiffs now assert that Defendants' actions amount to a "private-use taking." Samaad specifically addresses private-use takings and notes that the Williamson County case does not apply to Plaintiffs' private-use taking claim. 940 F.2d at 936-37. Based on Samaad, Plaintiffs' failure to assert exhaustion of state remedies in the Complaint does not render the private-use taking claim unripe.

In Count Two, Plaintiffs allege that Defendants deprived them of equal protection of the laws in violation of 42 U.S.C. § 1983 for selective enforcement/deprivation of rights guaranteed by the Equal Protection Clause.  While Defendants assert that Plaintiffs' equal protection claims are deficient because they do not assert that they are members of a protected class,

Plaintiffs cite Bryan v. City of Madison, Miss., 213 F.3d 267 (5th Cir. 2000) for the proposition that it is sufficient to show that Defendants' actions may have been motivated by a desire to prevent the exercise of Plaintiffs' constitutional rights.  In Bryan, the Fifth Circuit reasoned that the plaintiff's complaint implicated two types of equal protection violations: (1) the plaintiff seemingly alleged that the defendants applied property zoning standards unreasonably in his situation and (2) the plaintiff claimed he was subjected to "extraordinary" process (including an unscheduled meeting and the hiring of outside consultants to review his building plan), which violated his equal protection rights.

   The Court determined that the first alleged violation of equal protection fit within the standard equal protection analysis and because the plaintiff had not alleged that similarly situated individuals were treated differently (i.e., an example of a developer who had standards applied to him in a different manner), the plaintiff's equal protection claim failed.  The Court further concluded that the plaintiff's second alleged equal protection violation fit more squarely into a selective enforcement claim.  The Fifth Circuit determined that when the government official independently sought to re-zone the property and called an unscheduled meeting, she was not applying standards in an unreasonable manner but was, instead, selectively using her powers against a single party (the plaintiff), therein making it

a case of selective enforcement.  The Fifth Circuit explained:

> But to successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right.  [The Plaintiff]'s selective enforcement claim fails for that reason. He has never alleged any improper motive by the mayor or aldermen. Neither his complaint nor his brief explains why the mayor and aldermen's motive to block his plan were improper. He does not allege that they did so because of his race, his religion, his attempts to assert his constitutional rights, or just personal vindictiveness. The most we can garner is that the mayor and aldermen acted in response to the public petition against the development. If the public opposition were based on improper motives, such as race, then it might be that responding as the mayor and aldermen did to block the development would have implicated constitutional rights. But [the plaintiff] has failed to allege any such motive. And, in a democratic republic, responding to the voice of the public is expected and is not, standing alone, a malevolent motive for selective enforcement purposes. For that reason, the district court's dismissal of this claim was appropriate.

Bryan, 213 F.3d at 277.  The Court also noted, at footnote 18, that:

> [R]etaliation for an attempt to exercise one's religion or right to free speech would be expected to qualify. Esmail, 53 F.3d at 179. The Seventh Circuit has also included personal vindictiveness as an improper basis for selective enforcement in the equal protection context. Id. at 180. We have never specifically addressed whether such a motive would be enough to support an equal protection claim without some other class-based discrimination, but that issue is not before us here because Bryan has failed to allege it.

Id., n. 18.

It is this Court's conclusion that Plaintiffs have set forth assertions that allege a private-use taking.  Fifth Circuit case law explains that such is unconstitutional despite the payment of just compensation, thus, Plaintiffs have stated a claim upon which relief can be granted even though they have not alleged that they exhausted state remedies.  Further, Plaintiffs have stated a claim for selective enforcement (equal protection violation) based on the <u>Bryan</u> case.  Specifically, they have asserted that Defendants retaliated against Plaintiffs by failing to stop and by encouraging Boh Brothers to enter and dump riprap on their land.  Plaintiffs allege Defendants are retaliating against them for their refusal to lease or sell their property to Defendants at a low price.  These allegations are sufficient to state a claim upon which relief can be granted, based on <u>Bryan</u>.  Last, because Plaintiffs' federal claims are properly before it, the Court will exercise supplemental jurisdiction over Plaintiffs' state law claims based on 28 U.S.C. § 1367.  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss** filed by Defendants (Rec. Doc. 7) should be and is hereby **DENIED**.

New Orleans, Louisiana, this ___3rd___ day of May, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE